101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
William Michael RIVERS, Defendant-Appellant.
 No. 95-1364.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant: Bruce R. Bryan, Syracuse, N.Y.
 Appearing for Appellee: John G. Duncan, Ass't U.S. Att'y, NDNY, Syracuse, N.Y.
 Before KEARSE, JACOBS and CABRANES, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 Appeal from the United States District Court for the Northern District of New York.
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 4
 Defendant William Rivers appeals from a judgment entered after a jury trial in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., Judge, convicting him of aggravated assault, in violation of 18 U.S.C. §§ 113(c) and (f), and sentencing him principally to 33 months' imprisonment to be followed by two years' supervised release. On appeal, Rivers contends principally that (1) he was deprived of due process by the district court's failure to order a hearing into his competency to stand trial, (2) his trial counsel's failure to raise the competency issue constituted constitutionally ineffective assistance, (3) the district court erred in permitting the jury to question witnesses, and (4) the government failed to rebut his defense of insanity. We see no basis for reversal.
 
 
 5
 It is well established that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 171 (1975). To be competent to stand trial, a defendant must have "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 113 S.Ct. 2680, 2685 (1993) (internal quotation marks omitted). The trial court must be alert to circumstances suggesting that the accused is unable to meet the standards of competence and must order a hearing on competency "if there is reasonable cause to believe that the defendant may presently [be incompetent]," 18 U.S.C. § 4241(a).
 
 
 6
 In the present case, though Rivers had a history of mental disorder, that condition had been controlled by medication, and the record as to his court appearances suggested that he was competent to stand trial. At his initial court appearance, for example, Rivers stated that he understood that he had been arrested, that he did not have a lawyer at the moment, that he could not afford a lawyer, and that he would like to be released prior to trial. He also sought to explain his assaultive conduct by stating that he had not taken his usual medication and that when he requested medication the assault victim would not listen to him; Rivers said, "that's the best I can explain it ... without a lawyer." At a pretrial release hearing, Rivers noted that he had been told that his lawyer would not be present the next time he appeared in court, and he asked whether another lawyer would be provided to assist him at that appearance. Though Rivers frequently interjected remarks during subsequent proceedings, his remarks were generally directly responsive to what was being discussed. His interruptions of the testimony of three trial witnesses, for example, appeared to be designed to dispute the testimony of those witnesses. In sum, Rivers's behavior, though at times unruly, did not give reasonable cause to question his ability to understand the proceedings and to assist in his defense.
 
 
 7
 This record also leads us to reject Rivers's contention that, in failing to ask the court to order a competency evaluation, his attorney deprived him of the effective assistance required by the Sixth Amendment. See generally Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (to make out a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an "objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").
 
 
 8
 Rivers's contention that he is entitled to a new trial because the court allowed jurors to question witnesses is meritless. Though the trial court should not have invited such questions as a routine matter, only two such questions were put to witnesses, and one merely requested the repetition of an answer that a juror had been unable to hear. Any error here was harmless. See generally Fed.R.Crim.P. 52(a); United States v. Thompson, 76 F.3d 442, 449 (2d Cir.1996).
 
 
 9
 Rivers's argument that he should have prevailed on his defense of insanity provides no basis for reversal. Under federal law, a claim that "as a result of a severe mental disease or defect, [the defendant] was unable to appreciate the nature and quality or the wrongfulness of his acts" is an affirmative defense, 18 U.S.C. § 17(a), which "[t]he defendant has the burden of proving ... by clear and convincing evidence," id. § 17(b). The evidence as to Rivers's conduct was sufficient to permit the jury to find that Rivers had not met his burden. The weight of the evidence was a matter for argument to the jury, and we see no basis on which to overturn the jury's finding.
 
 
 10
 We have considered all of Rivers's contentions on this appeal and have found in them no basis for reversal. The judgment of conviction is affirmed.